UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EVERETT TALLMAN

                         **Plaintiff,**

                         -against-

KONE INC.
                         **Defendant.**
------------------------------------------------------------X

## COMPLAINT

Plaintiff, EVERETT TALLMAN, as and for his complaint, and by his attorneys, the undersigned, states as follows:

### I.    INTRODUCTION

(1)    Plaintiff, an employee of defendant, New York State Department of Corrections, injured his knee while attempting to exit a malfunctioning elevator maintained by defendant KONE INC. at the Sullivan Correctional Facility, Fallsburg, NY, a New York State Department of Corrections facility.

### II.    THE PARTIES

(2)    Plaintiff Everett Tallman (hereinafter "Tallman") is a natural person, residing at 2169 Old Rt. 17, Roscoe, NY 12778. Tallman was an employee of the New York State Department of Corrections at the time of the incident.

(3)    Defendant KONE INC (hereafter "KONE") is a foreign corporation registered in the State of Delaware.

(4)    Defendant KONE's United States headquarters are located at 4225 Naperville Road, Lisle, State of Illinois 60532, as per its corporate webpage.

1

(5) Defendant KONE has a New York State Department of State service address listed as 80 State Street, Albany, New York 12207-2543.

(6) Upon information and belief, defendant KONE has contracted with The New York State Department of Corrections to maintain the elevators at its Sullivan Correctional Facility.

## II. JURISDICTION

(7) Jurisdiction in this case is pursuant to 28 USC 1332(a) in that there is diversity of citizenship between plaintiff and defendant, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

## III. VENUE

(8) Venue of this action is within the Southern District of New York pursuant to 28 USC § 21391(b)(2) in that the "events . . . giving rise to the claim occurred" within such district.

## IV. THE FACTS GIVING RISE TO THE CAUSES OF ACTION

(9) On November 15, 2017, plaintiff Tallman was an employee of NYSDOC

(10) On November 15, 2017, plaintiff Tallman was performing the duties pursuant to his employment at the "Sullivan" NYSDOC correctional facility, located at Sullivan County.

(11) On November 15, 2017, KONE was under contract to provide maintenance for the elevators of NYSDOC's Sullivan facility

(12) On November 15, 2017, an elevator located at the Sullivan NYSDOC location was malfunctioning.

(13) KONE had previously known that the elevator was malfunctioning for a substantial period of time before November 15, 2017.

(14)   KONE had reasonable opportunity to repair the elevator before November 15, 2017.

(15)   On and before November 15, 2017, KONE had a duty to maintain and repair the elevators at NYSDOC's Sullivan facility, so as to make them safe for the plaintiff.

(16)   On and before November 15, 2017, KONE breached its aforementioned duty so to maintain and repair such elevators.

(17)   As a result of KONE's breach of duty, plaintiff suffered injuries.

### V.   AS AND FOR A FIRST CAUSE OF ACTION
### NEGLIGENCE

(18)   Defendant KONE breached its duty to maintain and repair the elevators at the Sullivan Correctional Facility.

(19)   As a result of defendant KONE's breach of duty, plaintiff Tallman was injured when exiting the negligently maintained elevator.

(20)   Plaintiff's injuries were caused solely by the negligence of the defendant, and by no fault of his own.

(21)   Plaintiff's injuries include, but are not limited to: left knee medical meniscus tear, cartilage tear, micro fracturing of the medical femoral condyle.

(22)   As a result of these injuries, plaintiff endured, and will continue to endure substantial pain and suffering.

(23)   As a result of the injuries, plaintiff has suffered, and will continue to suffer substantial decrease in his quality of life.

(24)   As a result of these injuries, plaintiff has incurred, and will continue to incur medical expense and economic damages.

(25)   All such injuries are compensable by money damages in the sum of $350,000.

WHEREFORE, plaintiff demands against defendant in the sum of $350,000, together within the costs of this action.

Plaintiff demands trial by jury.

Dated: Liberty, New York
June 28, 2018

Yours, etc.,

ORSECK LAW OFFICES PLLC

By: Kirk O. Orseck
Attorneys for Plaintiff
1924 State Route 52, PO Box 469
Liberty, NY 12754
(845) 292-5800